Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISS LAW**
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DICE THERAPEUTICS, INC., JIM SCOPA, JAKE SIMSON, LISA BOWERS, MITTIE DOYLE, J. KEVIN JUDICE, RICHARD SCHELLER, and SHARON TETLOW,<br><br>　　　　　Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against DICE Therapeutics, Inc. ("DICE" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which DICE will be acquired by Eli Lilly and Company ("Lilly") through Lilly's subsidiary Durning Acquisition Corporation ("Purchaser") (the "Proposed Transaction").

2.      On June 20, 2023, DICE issued a press release announcing its entry into an Agreement and Plan of Merger (the "Merger Agreement"), to sell DICE to Lilly. Under the terms of the Merger Agreement, Lilly will acquire each outstanding share of DICE common stock for $48.00 in cash (the "Offer Price"). Pursuant to the Merger Agreement, Lilly commenced the Tender Offer on June 30, 2023. The Tender Offer is scheduled to expire one minute after 11:59 p.m., Eastern Time, on July 28, 2023.

3.      On June 30, 2023, DICE filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that DICE stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (i) DICE management's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Centerview Partners LLC ("Centerview"); and (iii) the background of the Proposed Transaction. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(e) and 20(a) of the Exchange Act.

4. In short, the Proposed Transaction will unlawfully divest DICE's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) the Company is headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of DICE.

9. Defendant DICE is a Delaware corporation, with its principal executive offices located at 400 East Jamie Court, Suite 300, South San Francisco, California, 94080. DICE is a

3

biopharmaceutical company focused on oral therapeutics.  The Company's common stock is traded on the Nasdaq Global Market under the ticker symbol "DICE."

10. Defendant Jim Scopa ("Scopa") has been a director of the Company since November 2020.

11. Defendant Jake Simson ("Simson") has been a director of the Company since December 2020.

12. Defendant Lisa Bowers ("Bowers") has been a director of the Company since March 2022.

13. Defendant Mittie Doyle ("Doyle") has been a director of the Company since March 2022.

14. Defendant J. Kevin Judice ("Judice") is co-founder of the Company and has been Chief Executive Officer ("CEO") and a director since 2013.

15. Defendant Richard Scheller ("Scheller") has been Chairman of the Board and a director of the Company since December 2015.

16. Defendant Sharon Tetlow ("Tetlow") has been a director of the Company since November 2020.

17. Defendants identified in paragraphs 10 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

18. Founded in 1876 and incorporated in 1901 in Indiana, Lilly discovers, develops, and markets human pharmaceuticals worldwide.  Lilly manufactures and distributes its products through facilities in the United States (U.S.), including Puerto Rico, and 7 other countries.  Lilly products are sold in approximately 110 countries.

19. Purchaser is a Delaware corporation and wholly owned subsidiary of Lilly.

**SUBSTANTIVE ALLEGATIONS**

**Company Background**

20. DICE is a biopharmaceutical company leveraging its proprietary technology platform to build a pipeline of novel oral therapeutic candidates to treat chronic diseases in immunology and other therapeutic areas. DICE is initially focused on developing oral therapeutics against well-validated targets in immunology, with the goal of achieving comparable potency to their systemic biologic counterparts, which have demonstrated the greatest therapeutic benefit to date in these disease areas. The Company's DELSCAPE platform is designed to discover selective oral small molecules with the potential to modulate protein-protein interactions ("PPIs") as effectively as systemic biologics. DICE's lead therapeutic candidates are oral antagonists of the pro-inflammatory signaling molecule, IL-17, which is a validated drug target implicated in a variety of immunology indications. DICE is also developing oral therapeutic candidates targeting the integrin α4ß7 for the treatment of inflammatory bowel disease.

21. On May 11, 2023, DICE announced its first quarter 2023 financial results and business developments. Results from DICE's Phase 1 proof-of-concept clinical trial of DC-806, including additional biomarker data, were presented in a late-breaking oral session at the 2023 American Academy of Dermatology (AAD) Annual Meeting in March 2023. The first patient has been dosed in a global, dose-ranging Phase 2b clinical trial of DICE's lead oral IL-17 inhibitor, DC-806. The randomized, double-blind, placebo-controlled trial aims to enroll approximately 225 patients with moderate-to-severe psoriasis and will evaluate multiple doses of DC-806 compared to placebo over a 12-week treatment period to further explore peak efficacy and inform induction and maintenance doses for Phase 3 development. The primary endpoint is percentage of patients

with ≥ 75% in Psoriasis Area and Severity Index score reduction from baseline (PASI-75). Enrollment continues of participants in DICE's Phase 1 clinical trial of DC-853, a second oral IL-17 antagonist, in healthy volunteers. Topline data are expected in the second half of 2023. Reflecting on the Company's progress, defendant Judice stated:

> Our oral IL-17 franchise continues to advance on multiple fronts. The first psoriasis patient has been dosed in our global, dose-ranging Phase 2b clinical trial of DC-806. We also look forward to topline data in healthy volunteers from our Phase 1 trial with our second oral IL-17 inhibitor, DC-853, expected in the second half of 2023. Additionally, we are excited about the progress of our earlier stage research and development (R&D) programs and continuing to utilize our DELSCAPE platform to accelerate the expansion of our pipeline to other validated targets in immunology.

**The Proposed Transaction**

22.     On June 20, 2023, DICE and Lilly issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> INDIANAPOLIS and SOUTH SAN FRANCISCO, Calif., June 20, 2023 /PRNewswire/ -- Eli Lilly and Company (NYSE: LLY) and DICE Therapeutics, Inc. (NASDAQ: DICE) today announced a definitive agreement for Lilly to acquire DICE.
>
> DICE is a biopharmaceutical company that leverages its proprietary DELSCAPE technology platform to develop novel oral therapeutic candidates, including oral IL-17 inhibitors currently in clinical development, to treat chronic diseases in immunology.
>
> "In combination with its novel technology and expertise in drug discovery, DICE's talented workforce and passion for innovation will enhance our efforts to make life better for people living with devastating autoimmune diseases," said Patrik Jonsson, executive vice president, president of Lilly Immunology and Lilly USA, chief customer officer. "We welcome DICE colleagues to Lilly and, together, we can tackle the challenges ahead in finding new treatments for patients with significant unmet medical needs."
>
> Kevin Judice, Ph.D., CEO of DICE Therapeutics, added: "We're eager to see our pipeline, including our oral IL-17 inhibitors, DC-806 and DC-853, benefit from Lilly's resources and global reach and I'm excited by the prospect of watching these two talented teams in a united quest for scientific innovation. Our novel approach to discovering and advancing oral, small molecules against validated protein-

6

protein interaction targets has even greater potential with Lilly's industry-leading clinical development capabilities to get these medicines to patients suffering from autoimmune diseases."

**Terms of the Agreement**

Lilly will commence a tender offer to acquire all outstanding shares of DICE for a purchase price of $48 per share in cash (an aggregate of approximately $2.4 billion) payable at closing.  The transaction has been approved by the boards of directors of both companies.

The transaction is not subject to any financing condition and is expected to close in the third quarter of 2023, subject to customary closing conditions, including receipt of required antitrust clearance and the tender of a majority of the outstanding shares of DICE's common stock.  Following the successful closing of the tender offer, Lilly will acquire any shares of DICE that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

The purchase price payable at closing represents a premium of approximately 40% to the 30-day volume-weighted average trading price of DICE's common stock ended on June 16, 2023, the last trading day before the announcement of the transaction.  DICE's Board of Directors unanimously recommends that DICE's stockholders tender their shares in the tender offer.

Lilly will determine the accounting treatment of this transaction as a business combination or an asset acquisition, including any related acquired in-process research and development charges, according to Generally Accepted Accounting Principles (GAAP) upon closing.  This transaction will thereafter be reflected in Lilly's financial results and financial guidance.

For Lilly, Kirkland & Ellis LLP is acting as legal counsel.  For DICE, Centerview Partners LLC is acting as exclusive financial advisor and Fenwick & West LLP as legal counsel.

**Insiders' Interests in the Proposed Transaction**

23.     DICE insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of DICE.

24. Notably, DICE insiders stand to reap substantial financial benefits for securing the deal with Lilly. The following table sets forth the value of cash payments the Company's executive officers and directors stand to receive in connection with tendering their shares in the Tender Offer:

**Table of Share-Related Payments**

| Name | Number of Shares (#) | Total Offer Price Payable for Shares ($) |
|---|---|---|
| **Executive Officers:** | | |
| J. Kevin Judice, Ph.D. | 672,688 | 32,289,024 |
| Scott Robertson | 166,977 | 8,014,896 |
| Timothy Lu, M.D., Ph.D. | 96,349 | 4,624,752 |
| John Jacobsen, Ph.D. | 119,702 | 5,745,696 |
| **Non-Employee Directors:** | | |
| Richard Scheller, Ph.D. | 4,494 | 215,712 |
| Sharon Tetlow | 41,795 | 2,006,160 |
| Jim Scopa | 37,795 | 1,814,160 |

25. Moreover, under the terms of the Merger Agreement, all Company options and restricted stock units ("RSUs") will be converted into the right to receive cash payments upon consummation of the Proposed Transaction. The following tables set forth the value of cash payments that DICE's directors and executive officers stand to receive in connection with the consummation of the merger pursuant to their Company equity awards:

**Table of Equity Compensation-Related Payments**

| Name | Vested DICE Stock Options Number of Underlying Shares(1) | Vested DICE Stock Options Option Cash Consideration Payable($)(2) | Unvested DICE Stock Options Number of Underlying Shares(3) | Unvested DICE Stock Options Option Cash Consideration Payable($)(4) | Unvested DICE RSUs Number of Underlying Shares(5) | Unvested DICE RSUs RSU Cash Consideration Payable($)(6) | Unvested Shares of Common Stock(7) | Unvested Shares of Common Stock Cash Consideration(8) | Cash Bonus Payment in Lieu of Annual Award($)(9) | Total Option Cash Consideration, RSU Cash Consideration, and Unvested Share Cash Consideration Payable($)(10) |
|---|---|---|---|---|---|---|---|---|---|---|
| **Executive Officers:** | | | | | | | | | | |
| J. Kevin Judice, Ph.D. | 335,387 | 9,654,367 | 649,739 | 15,275,403 | 50,000 | 2,400,000 | 126,997 | 6,095,856 | — | 33,425,626 |
| Scott Robertson | 143,461 | 4,159,537 | 252,300 | 5,979,459 | 18,750 | 900,000 | 31,023 | 1,489,104 | — | 12,528,100 |
| Timothy Lu, M.D., Ph.D. | 119,240 | 3,434,116 | 228,580 | 5,553,929 | 15,000 | 720,000 | 55,936 | 2,684,928 | — | 12,392,972 |
| John Jacobsen, Ph.D. | 122,121 | 3,526,703 | 217,985 | 5,231,463 | 15,000 | 720,000 | 27,795 | 1,334,160 | — | 10,812,326 |
| **Non-Employee Directors:** | | | | | | | | | | |
| Richard Scheller, Ph.D. | 61,287 | 1,963,022 | 14,319 | 443,889 | — | — | 3,933 | 188,784 | 492,870 | 3,088,565 |
| Sharon Tetlow | 44,358 | 1,418,023 | 11,049 | 342,519 | — | — | 8,046 | 386,208 | 352,050 | 2,498,800 |
| Jim Scopa | 44,358 | 1,418,023 | 11,049 | 342,519 | — | — | 8,046 | 386,208 | 352,050 | 2,498,800 |
| Lisa Bowers | 16,527 | 477,134 | 25,973 | 749,841 | — | — | — | — | 352,050 | 1,579,025 |
| Mittie Doyle, M.D. | 16,527 | 477,134 | 25,973 | 749,841 | — | — | — | — | 352,050 | 1,579,025 |
| Jake Simson, Ph.D. | 21,250 | 701,675 | — | — | — | — | — | — | 352,050 | 1,053,725 |

26. Further, if they are terminated in connection with the merger, DICE's named executive officers will receive substantial severance payments in the form of golden parachute compensation, as set forth in the following table:

8

**Golden Parachute Compensation**

| Named Executive Officer | Cash($)(1) | Equity($)(2) | Perquisites/Benefits($)(3) | Total Value($)(4) |
|---|---|---|---|---|
| J. Kevin Judice, Ph.D. | 1,748,000 | 23,771,259 | 37,315 | 25,556,574 |
| Scott Robertson | 912,000 | 8,368,563 | 35,959 | 9,316,522 |
| Timothy Lu, M.D., Ph.D. | 907,200 | 8,958,857 | 25,080 | 9,891,136 |

**The Recommendation Statement Contains Material Misstatements or Omissions**

28. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to DICE's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) DICE management's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Centerview; and (iii) the background of the Proposed Transaction.

*Material Omissions Concerning DICE Management's Financial Projections*

30. The Recommendation Statement omits material information regarding Company management's financial projections.

31. For example, the Recommendation Statement provides a summary of the Company's risk-adjusted projections, but fails to disclose certain specific assumptions underlying the projections, including the probability of success attributed to all indications for each product candidate set forth in the projections and the corresponding anticipated product candidate launch timelines.

32. Additionally, the Recommendation Statement fails to include (i) net operating loss carryforwards over the projection period; and (ii) the line items underlying Unlevered Free Cash Flow.

33. The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information of DICE" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

**Material Omissions Concerning Centerview's Financial Analyses**

34. The Recommendation Statement describes Centerview's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Centerview's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, DICE's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Centerview's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal.

35. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 12.0% to 14.0%; (ii) quantification of the tax savings from usage of DICE's estimated net operating losses of $77 million as of December 31, 2022, and future losses; and (iii) quantification of the impact of assumed equity raises in 2024, and 2025.

36. The omission of this information renders the statements in the "Opinion of DICE's Financial Advisor" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

**Material Omissions Concerning the Background of the Proposed Transaction**

37. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

38. For example, the Company fails to disclose whether Lilly's proposals mentioned management retention or equity participation for DICE executive officers if the Proposed Transaction is consummated. The Recommendation Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Lilly and DICE executive officers, including who participated in all such communications, when they occurred and their content.

39. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to shareholders. This information is necessary for shareholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

40. The omission of this information renders the statements in the "Background of the Merger Agreement" and "Arrangements with Current Executive Officers and Directors of DICE" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

41. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other DICE stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or

seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, considering the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

44. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether to tender his shares.

### COUNT II

**Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of DICE within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of DICE and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

50. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

51.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of DICE, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated: July 5, 2023 | **WEISS LAW**<br>Joel E. Elkins<br>By: /s/<br><br>Joel E. Elkins<br>8383 Wilshire Blvd., Suite 935<br>Beverly Hills, CA 90211<br>Telephone:  310/208-2800<br>Facsimile:   310/209-2348<br>-and-<br>Michael Rogovin<br>476 Hardendorf Ave. NE<br>Atlanta, GA 30307<br>Telephone: 404/692-7910<br>Facsimile:  212/682-3010<br><br>*Attorneys for Plaintiff* |